Chief Judge Cooke
(dissenting). Plaintiff should not be foreclosed from asserting her State-based claim by the disposition of her action in Federal court. Plaintiff’s Federal complaint alleged the Federal securities laws as the predicate for the District Court’s jurisdiction and contained references to defendant’s breach of common-law fiduciary duties, negligence and unprofessional conduct. The District Court, noting that plaintiff’s complaint alleged violation of the antifraud provisions of the Federal statutes and generally a fraud based on breach of fiduciary duty, dismissed the complaint for failure to plead fraud with sufficient particularity as required by subdivision (b) of rule 9 of the Federal Rules of Civil Procedure. That dismissal operates as an adjudication on the merits (Fed Rules Civ Pro, rule 41, subd [b]).
Although the District Court had the power to consider theories of recovery grounded in State law under the doctrine of pendent jurisdiction, the ambiguity in the opinion and the pleadings do not permit the conclusion that the court did or would have exercised jurisdiction over any State claims that *700 might have been asserted. Indeed, it is not at all clear whether plaintiff asserted a claim grounded in State law or whether the Federal court considered claims other than those grounded in Federal law.
Both the majority and Judge Meyer in dissent note that theories of recovery jurisdictionally assertable in a prior action are precluded in a later suit when it is clear, that the court in the first action would have exercised jurisdiction as a matter of discretion (Restatement, Judgments, 2d [Tent Draft No. 5, 1978], § 61.1). There is no quarrel with this proposition. But by barring plaintiff’s complaint, the majority effectively presumes that the Federal court would have exercised jurisdiction in this case. Such presumption is unwarranted where, as here, the Federal claim is dismissed on the pleadings prior to trial (see Mine Workers v Gibbs, 383 US 715, 726). Indeed, the presumption is to the contrary. An exercise of pendent jurisdiction in such circumstances would be contrary to Federal practice in the Second Circuit (see, e.g., CES Pub. Corp. v St. Regis Pub., 531 F2d 11; Kavit v Stamm & Co., 491 F2d 1176; Iroquois Inds. v Syracuse China Corp., 417 F2d 963, cert den 399 US 909; Altman v Knight, 431 F Supp 309; but see Gem Corrugated Box Corp. v National Kraft Container Corp., 427 F2d 499, 501, n 1) and possibly an abuse of discretion (see Nolan v Meyer, 520 F2d 1276, cert den 423 US 1034; Braunstein v Laventhol & Horwath, 433 F Supp 1077). It must be assumed, therefore, that the Federal court here would have declined to exercise its jurisdiction once it dismissed the Federal claim prior to trial. The procedural ambiguities present in this case do not justify a different conclusion.
The order of the Appellate Division should be reversed, and the order of Supreme Court reinstated without prejudice to motion properly made under CPLR 3211 (subd [a], par 7).